IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3024-FL

| | |
|---|---|
| MARTY BROWN, | ) |
|       Plaintiff, | ) |
| v. | )    ORDER |
| DONALD S. CALDWELL, JOHN MCNEIL, and SERGEANT KEVIN D. ASSENAT, | ) |
|       Defendants. | ) |

Plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). On November 21, 2013, the court entered an order transferring this action to the United States District Court for the Western District of Virginia because all of the defendants are located within its jurisdiction. The action now is before the court on plaintiff's motion for reconsideration (DE 9) of the court's order transferring this action to the Western District of Virginia.

The court first determines whether it has jurisdiction to hear the instant motion. Once the case file in an action is transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer. See Wilson-Cook Med., Inc. v. Wilson, 942 F.2d 247, 250 (4th Cir. 1991); Nance v. Ray, No. 00-6976, 2000 WL 1868090, at *1 (4th Cir. Dec. 21, 2000). The case file in this action was electronically transferred to the Western District of Virginia on November 21, 2013, which was prior to the date plaintiff filed his motion for reconsideration on December 2, 2013. Thus, the court no longer has jurisdiction in

this action, and plaintiff's motion for reconsideration (DE 9) is DENIED without prejudice for re-filing in the Western District of Virginia.[1]

SO ORDERED, this the 21st day of April, 2014.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge

---

[1] Even if the court had jurisdiction over this action, plaintiff still would not be entitled to relief. All of the defendants in this action are located in Roanoke, Virginia, which is located in the Western District of Virginia. Accordingly, transfer to the Western District of Virginia was appropriate. See 28 U.S.C. § 1391; 28 U.S.C. § 1406(a).